UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OTIS MERRITT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12114** |
| **MARLIN GUSMAN** | **SECTION: "F"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

### Factual and Procedural History

Petitioner, Otis Merritt,[1] is a pretrial detainee currently incarcerated at the Orleans Justice Center in New Orleans, Louisiana. On August 31, 2017, he was charged with failure to register, periodically renew or update sex-offender registration, provide proof of residence or notification of change of address, or provide community notification as required

---

[1] Although his federal application is styled "Merritt," his surname appears as "Merrit" throughout the state court record.

by Louisiana Revised Statute 15:542 *et. seq.*[2]   The bill of information alleged that he was previously convicted in the State of Texas, Criminal District Court of Dallas County, for indecency with a child (Docket No. F-9675214-KJ).   The state-court record reflects that in June 1996, Merritt was convicted of one count of indecency with a child and was sentenced to serve a term of five (5) years imprisonment in the State of Texas correctional system. After his release from prison, he was required to register as a lifetime registrant of the Texas Sex Offender Registry.[3]   At the time of his arrest, Merritt had recently established a new residence in New Orleans, Louisiana, and had an obligation to register and report pursuant to the provisions of the Louisiana Sex Offender Registry.   He is currently awaiting trial on the charge of failure to register pursuant to Louisiana Revised Statute 15:542.1.4(A)(1).

On or about October 23, 2017, Merritt filed his federal application for habeas corpus relief.   The application identified his challenged conviction and sentence as the June 1996 conviction imposed in Dallas County, Texas.   He asserts that he was never informed when he pleaded guilty to the Texas offense that he would have to register as a sex offender for life,

---

[2] State Rec., Vol. 1 of 1, Bill of Information, Orleans Parish; *see also* La. R.S. 15:542.1.4(A)(1).

[3] State Rec., Vol. 1 of 1, Affidavit of NOPD Sergeant King Tao.   Merritt was advised he had outstanding warrants issued from St. Tammany Parish for his failure to abide by sex-offender registration laws there and a parole violation warrant issued by the Louisiana Department of Corrections Parole Division for parole violations related to his conviction. In 2015, he pleaded guilty in Orleans Parish Criminal District Court Case No. 523-288 to unauthorized use of a motor vehicle and resisting an officer, for which he was sentenced to serve five years imprisonment at hard labor and six months imprisonment in parish prison, and presumably was released on parole at some point.   *Merrit v. Tanner*, 16-15651 "F"(5) (E.D. La. 2017) (dismissed without prejudice).

and he is now being confined illegally as a result.[4]   He requests immediate release from his detention stemming from his arrest for failure to register and to be removed from all registration requirements.  The State filed a response, asserting that the Court lacks jurisdiction and should not entertain unexhausted claims for relief seeking dismissal of pending state criminal charges and proceedings.[5]   Merritt filed a reply refuting the State's assertions that he is no longer in custody for the 1996 conviction and arguing that the registration requirements violate his constitutional rights.[6]

---

[4] Rec. Doc. 5, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.   His grounds for relief contain references to the warrants in St. Tammany Parish and the parole warrant related to his 2015 conviction, but the petition clearly challenges his current confinement and his focus is the criminal charge of failure to register and report.   Thus, the Court's review will be limited to the present criminal charge and the 1996 conviction expressly referenced as being challenged in his habeas petition.

[5] Rec. Doc. 18.

[6] Rec. Doc. 21, p. 2.   Specifically, he alleges:

The current law of failure to register violates the laws of ex post facto, by subjecting petitioner to a law that wasn't a law at the time of the offense, nor applied at the sentencing of petitioner, but was added at the end of petitioner's sentence without benefit of law, and denial of due process.   Therefore creating undue hardship and cruel and unusual punishment, in violation of petitioner's 8th amendment, and the 13th amendment and also equally the 14th amendment of the Constitution of the United States.

To the extent he may seek to raise constitutional arguments regarding Louisiana's sex-offender registration laws, those claims are not properly before this Court in the context of either a 28 U.S.C. § 2254 or § 2241 habeas petition.   Merritt may pursue those claims separately if he so chooses by filing a 42 U.S.C. § 1983 complaint submitted in compliance with the "three strikes" provision of the Prison Litigation Reform Act.   *See* Rec. Doc. 18, p. 3 n. 9.

**Analysis**

*A. 1996 Conviction for Indecency with a Child*

Merritt's federal application purports to challenge his 1996 guilty-plea conviction in Dallas County, Texas for which he received a five-year sentence. That sentence has long since expired. To the extent Merritt may be challenging the 1996 conviction, he was no longer in custody under that sentence at the time he filed this federal application, and consequently this Court lacks jurisdiction to entertain such a challenge. A federal court is without subject matter jurisdiction to consider the legality of an expired conviction and discharged sentence. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a) (federal district courts have jurisdiction to entertain petitions for writs of habeas corpus from persons who are "in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Construed liberally, Merritt's application suggests that his custody is continuing as a direct result of the ongoing sex-offender registration requirement that stemmed from his 1996 guilty plea.[7] Essentially, he argues that the consequences resulting from his status as a convicted sex offender (*i.e.*, the continuing obligation to register and report and his violation and imprisonment for failing to comply) satisfy the "in custody" requirement and allow him to challenge the expired 1996 guilty-plea conviction. He offers no support for the argument and the law does not support his position.

The Supreme Court has made it abundantly clear that "once the sentence imposed for

---

[7] *See* Rec. Doc. 5, p. 5; Rec. Doc. 21, pp. 3-4.

a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492. Our federal circuit courts unanimously hold that sex-offender registration requirements are collateral consequences of a conviction. *See*, *e.g.*, *Hautzenroeder v. Dewine*, 887 F.3d 737, 740-41 (6th Cir. 2018) (citing *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir. 2002)); *Bonser v. Dist. Attorney Monroe Cty.*, No. 659 F. Appx. 126, 128 (3d Cir. 2016); *Sullivan v. Stephens*, 582 F. Appx. 375 (5th Cir. 2014); *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas."); *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir. 1999). Thus, neither the registration requirement imposed nor his present incarceration for violating that requirement affords him the ability to challenge his 1996 conviction. *Bonser*, *supra*, at 129-30 (finding that registration requirement and resulting incarceration for noncompliance were collateral consequences of petitioner's expired 2006 conviction that did not render him "in custody" on the expired conviction).

Contrary to Merritt's suggestion, the registration requirement for convicted sex offenders does not render a person "in custody" for purposes of § 2254 federal habeas corpus relief. *Puckett v. Powers*, Civ. Action No. 10-1066, 2011 WL 794898 (E.D. La. Jan. 27, 2011), *recommendation adopted*, 2011 WL 794861 (E.D. La. Feb. 28, 2011). Merritt cannot satisfy the "in custody" requirement for his 1996 conviction based solely on his current

imprisonment that resulted because he failed to register or report as a convicted sex offender in accordance with law. For this reason, the Court has no jurisdiction to consider Merritt's challenge to his 1996 conviction.[8]

*B. Failure to Exhaust*

As outlined above, Merritt seeks immediate release from confinement and the purported invalid obligations to report as a sex offender, which led to his arrest and pending criminal charge. A federal court does have jurisdiction under 28 U.S.C. § 2241 to consider petitions brought by individuals currently detained in state custody regardless of whether there has been a judgment of conviction. *See* 28 U.S.C. 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, the State correctly argues that even if Merritt's claims for relief were cognizable under 28 U.S.C. § 2241, dismissal without prejudice is appropriate because Merritt failed to exhaust his available state-court remedies.

The exhaustion requirement applies to § 2241 habeas petitions. *Dickerson*, 816 F.2d at 225; *Edge v. Stalder*, 83 F. Appx. 648, 2003 WL 22976091, at *1 (5th Cir. 2003). The exhaustion doctrine is applied to Section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225. Here, Merritt fails to show that existing state procedures are ineffective

---

[8] Given the overriding concerns regarding subject matter jurisdiction, the Court does not address the forum issues except to note that the conviction he purports to attack was not even a Louisiana conviction.

6

to protect his constitutional rights or that special circumstances exist warranting pretrial federal habeas intervention.[9]  Merritt's efforts constitute an improper attempt to prematurely litigate his constitutional claims in the federal court with the hopes of derailing his pending criminal proceedings.   *Dickerson*, *supra*, at 226.

Furthermore, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.   *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).   Merritt's petition reflects that he has not presented his claims for relief in any of the state courts, including the Louisiana Supreme Court and the Court's independent research confirms this fact.[10]   The Louisiana Supreme Court has not been afforded an opportunity to review Merritt's claims for relief, which therefore remain unexhausted at this time.   Accordingly, federal habeas corpus relief is not warranted.[11]

## **RECOMMENDATION**

---

[9] Merritt has the opportunity to raise constitutional issues in the pending criminal litigation.   In fact, the electronic docket sheet from Orleans Parish reflects a hearing was held on his motion to suppress evidence and statements and for a preliminary hearing.   In November 2017, the motions were denied.   Trial has been continued several times on joint motions and is currently set for May 14, 2018.

[10] Rec. Doc. 5, pp. 2-3.   In addition to a Westlaw search for rulings, the undersigned's staff placed a phone call to the Clerk of the Louisiana Supreme Court and confirmed that the court has no record of any writ application filed on behalf of Otis Merritt related to his pending criminal proceedings.

[11] In light of the Court's findings regarding jurisdiction and exhaustion, the Court need not and does not reach the State's alternative argument that it refrain from ruling on the matter pursuant to the *Younger* abstention doctrine.   *Younger v. Harris*, 401 U.S. 37 (1971).

For the foregoing reasons, it is **RECOMMENDED** that Merritt's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this   14th   day of            May           , 2018.

                                                      **MICHAEL B. NORTH**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[12] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.